UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMMA AMBOY,<br><br>Plaintiff,<br><br>v.<br><br>EXODUS RECOVERY, INC., et al.,<br><br>Defendants. | Case No. 1:24-cv-00957-KES-EPG<br><br>ORDER DIRECING CLERK OF COURT TO ADD COUNSEL FOR DEFENDANTS ON THE DOCKET<br><br>ORDER REGARDING MOTION TO WITHDRAW AS ATTORNEY FOR PLAINTIFF<br><br>(ECF No. 10) |

On October 23, 2024, the presiding District Judge issued an order, pursuant to the parties' stipulation, that (1) dismissed Plaintiff's "class allegations within the complaint," (2) "ordered [Plaintiff] to arbitrate her individual claims," and (3) stayed "Plaintiff's representative PAGA claims . . . pending conclusion of the binding arbitration of her individual claims." (ECF No. 8, p. 1-2). Now before the Court is the motion of Plaintiff's counsel to withdraw as counsel, which is noticed for a hearing on May 9, 2025, at 10 a.m. before the undersigned. (ECF No. 10). Relevant here, the motion states as follows:

> [A]lmost immediately after arbitration proceedings began in earnest, the attorney-client relationship between Plaintiff and her attorneys broke down, irreparably. Plaintiff's attorneys were (and are) unable to gather the information and documents needed to complete initial disclosures in arbitration. Mayall Hurley is unable to communicate with their client, and there is no indication that this is going to change. Plaintiff also breached a material term of the legal services agreement; despite receiving multiple warnings that counsel would withdraw, the breach remains unremedied (and Mayall Hurley still cannot communicate with

1

their client). Declaration of John P. Briscoe, ¶ 3. As Plaintiff's attorneys are unable to communicate with their client and represent her effectively, it is necessary that they withdraw from this case.

(ECF No. 10, p. 4).

Local Rule 182(d) governs withdraw of counsel in these circumstances:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. **The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.** Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. LR 182(d) (emphasis added).

The motion here is supported by the declaration of Attorney John Briscoe, and it states (1) that Plaintiff's "last-known address is 3904 El Sussex Way, Fresno, CA 93726"; and (2) that counsel "emailed Plaintiff to notify her of this motion (with the date, time, and location for hearing). [And counsel] will ensure that she is served with these moving papers via email and regular mail." (ECF No. 10-2, p. 2). Additionally, a certificate of service is attached to the motion, stating that Plaintiff was emailed and mailed a copy of the motion to withdraw and supporting documents. (ECF No. 10-3).

Lastly, the Court notes that, while there is no counsel listed for the Defendants on the docket, defense counsel's information is included in the certificate of service and an earlier stipulation filed by the parties. (ECF No. 10-4, p. 2; ECF No. 6, p. 1). The Court will direct the Clerk of Court to add the listed defense counsel and their contact information to the docket to ensure that they receive all the filings in this case.

Accordingly, IT IS ORDERED as follows:

1. The Court will proceed with the hearing on the motion to withdraw set for May 9, 2025, at 10 a.m. Counsel for all parties and Plaintiff Gemma Amboy are permitted to participate telephonically, and each person participating is directed to use the following dial-in number and passcode: To connect to the telephonic conference, the parties shall (1) dial 1-

669-254-5252, (2) enter 161 733 0675 for the meeting ID followed by #, (3) enter # when asked for the participant ID, (4) enter 740484 for the meeting passcode followed #, and (5) enter *6 to unmute.

2. Plaintiff is advised that, if Plaintiff fails to appear at the hearing, the motion to withdraw may be granted without the Court permitting a further opportunity for Plaintiff to offer a position as to the motion.

3. Plaintiff's counsel shall serve a copy of this order on Plaintiff and file proof of service by no later than April 11, 2025.

4. The Clerk of Court shall update the docket to reflect the following contact information for defense counsel: Elizabeth H. Murphy; Kimberly A. Cole; MURPHY EMPLOYMENT DEFENSE; **Dallas Office**: 2626 Cole Avenue, Suite 300 Dallas, TX 75304; **Los Angeles Office**: 835 Wilshire Blvd., Fl. 5 Los Angeles, CA 90017-2603; Telephone: 213-630-6219 Liz@Lmurphylaw.com; kim@lmurphylaw.com. (ECF No. 6, p. 1).

IT IS SO ORDERED.

Dated: **April 7, 2025**       /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE